United States Courts
Southern District of Texas
FILED

*May 06, 2021*

Nathan Ochsner, Clerk of Court

**FAST-TRACK ADDENDUM
APPLICABLE TO CASES IN
JUDGE RODRIGUEZ'S COURT**

**Criminal Case No. B-20-808**
**USA v. JESUS ANTONIO OCAMPO-GUERRERO**

To All Defendants:

**A.      Fast-Track Terms**

There are always risks that are inherent in any plea agreement. For example, the judge is not bound by it. The judge can accept your guilty plea, not allow you to withdraw it and then sentence you to something more than you might have anticipated if the judge had followed the agreement.

The plea agreement you are agreeing to has some additional risks about which you should be aware. One might more accurately characterize these risks as being unknown factors. First, you may or may not know all the facts and circumstances surrounding your criminal history. Secondly, you may not know how that history is treated under the United States Sentencing Guidelines. In fact, there are times that your attorney may not know the effect of any given conviction until he or she actually sees the applicable paperwork, and in some circumstances may not know even then and will have to wait until the Court actually rules.

With that understanding under the current Fast-Track program, in exchange for your guilty plea and waiver of your appellate rights, the Government has agreed to recommend to the Court that you get:

1.      Full credit for acceptance of responsibility and that you be sentenced at the low end of the guideline level you score; and

2.      a four level downward departure under section 5k3.1.

As with any plea agreement, the Court does not have to follow any Fast-Track agreement, including this recommendation. Further, the recommendation of four level downward departure by the Government is conditional. That means that if you: (1) have a prior conviction for illegally reentering, attempting to reenter or being found in the United States after having been excluded, deported or removed under Title 8 U.S.C. § 1326; (2) have a prior conviction that results in a 6 level or greater enhancement in your offense level under the United States Sentencing Guidelines; (3) have prior criminal activity that results in you being placed in criminal history category greater than three under the United States Sentencing Guidelines, then the Government will not

recommend that you receive that four level downward departure. It will continue to recommend full credit for acceptance of responsibility and a sentence at the low-end of the guideline range that you score.

B. **Fast-Track Opt-Out**

Under the Fast-Track program, you have seven (7) days after the initial Presentence Investigation Report is given to your lawyer to opt-out of the plea agreement. HOWEVER, YOU DO NOT HAVE THE RIGHT TO OPT-OUT OF OR WITHDRAW YOUR GUILTY PLEA. Once you plead guilty, you are considered guilty absent very unusual circumstances.

If you choose to opt-out of the participation in the Fast-Track plea program, you retain your appellate rights. However, if you opt-out of the Fast-Track plea program, the Government does not have to recommend the four-point reduction in your offense level (even if you are eligible for it); nor does it have to make a recommendation that you receive full credit for acceptance of responsibility or be sentenced at the lower-end of the guideline level that you score. It can argue for any sentence it deems appropriate.

To opt-out, a defendant must file a pleading, stating unequivocally that the defendant is opting out, signed by the defendant and his/her lawyer within seven (7) days after the Presentence Investigation Report is initially disclosed. Failure to do so will indicate that a defendant wishes to continue in the Fast-Track program and both the defendant and the Government will be bound by its terms.

I, **JESUS ANTONIO OCAMPO-GUERRERO**, hereby acknowledged that Fast-Track process has been          PRINT NAME
fully explained to me, including the risk involved, the waiver of appeal, and the opt-out procedure and I hereby knowingly and voluntarily want to participate in the Early Plea–Fast Track Program.

The defendant is unavailable for signature due to COVID-19, but grants his/her attorney permission to sign with permission.

_____
Defendant's Signature

_____
Defendant's Attorney

2-23-2021
_____
Date

2